# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONALD LEE ELLISON, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 11-293-FHS-KEW** |
| ) | |
| **ROBERT PATTION, DOC Director,** ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, attacks his convictions and sentences in Okmulgee County District Court Case Number CF-2009 for Possession of Controlled Dangerous Substance (Methamphetamine), After Former Conviction of Two or more Prior Felonies (Count 1); Escape from Arrest or Detention, After Former Conviction of Two or More Prior Felonies (Count 2); and Resisting an Officer (Misdemeanor) (Count 3). He sets forth the following grounds for relief:

    I.    Petitioner's conviction for Escape in Count 2 deprived him of due process, because the evidence failed to prove he escaped after being arrested or detained for a misdemeanor or felony offense.

    II.    The trial court's refusal to instruct petitioner's jury on alternate misdemeanor or felony Escape from Arrest/Detention directed a felony verdict and enhanced felony punishment for Count 2, in violation of petitioner's due process rights.

    III.    The evidence was insufficient to support petitioner's conviction on Count 1 for Possession of Controlled Dangerous Substance, because an incomplete chain of custody rendered the chemist's necessary

> identification testimony inadmissible.

IV. Repeated unmistakable references to probation and probation violations by the State constituted plain error, denying petitioner his right to a fair sentencing trial.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's direct appeal brief.

B. The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's judgment and sentence. *Ellison v. State*, No. F-2010-380 (Okla. Crim. App. Mar. 23, 2011).

D. Transcript of petitioner's jury trial.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Facts**

On June 18, 2009, Oklahoma State Park Rangers Gordon Lawson and Audie Cole were notified by Okmulgee County dispatch about a complaint that two white men were

urinating on a swim beach in front of children. (Tr. I, 89-91, 128). The dispatcher advised that the two men were in a red Mustang with a Creek Nation tag. (Tr. 1, 91). Petitioner was a passenger in Aaron Torix's red Mustang when the rangers pulled the car over. (Tr. I, 92-93). Torix did not have a driver's license with him, so Ranger Cole had Torix sit in the patrol car to run a check on him. (Tr. I, 93). Ranger Lawson approached petitioner on the passenger side of the car. (Tr. I, 93). Petitioner gave Lawson his name, age, birthdate, and Social Security number. (Tr. I, 93-94). Petitioner said he lived in Mounds but could not recall his street address. (Tr. I, 94). Lawson returned to the patrol car to have Ranger Cole check petitioner's information. (Tr. I, 94).

The dispatcher reported that petitioner had two misdemeanor warrants and two felony warrants outstanding, so Lawson returned to the passenger side of the Mustang, told petitioner to exit the car, and advised him he was under arrest for the warrants. (Tr. I, 95). Petitioner submitted to a patdown, and Ranger Lawson retrieved petitioner's wallet and cell phone from him and threw the items in the back of the Mustang. (Tr. I, 96). When Lawson turned petitioner around and advised he was about to be handcuffed, petitioner twisted out of Lawson's grip, pushed Lawson back, and began running across a field and into the woods, with Lawson chasing him on foot. (Tr. I, 96-99). Petitioner escaped, despite a search for him until dark. (Tr. I, 116-17).

When it was clear that petitioner had gotten away, Lawson returned to the car where Ranger Cole and Torix were waiting. (Tr. I, 99). Lawson then discovered a small plastic bag containing a white, powdery substance in petitioner's wallet. (Tr. I, 100). A field test tested positive for amphetamine. (Tr. I, 101). Lawson placed the plastic bag with the powdery substance in an envelope and put it in a secured drawer for safekeeping, until the sergeant

3

could put it in the property storage area and send it to the Oklahoma State Bureau of Investigation (OSBI) for testing. (Tr. I, 102). On June 21, 2009, Lawson gave the envelope to Sgt. Don Stites. (Tr. I, 102, 157-58). Sgt. Stites locked the envelope in a file cabinet, and three days later he gave it to Ranger Cole to take it to the OSBI lab in McAlester, Oklahoma. (Tr. I, 158). OSBI Criminalist John Giles opened the sealed envelope and tested the powdery substance in the plastic bag. (Tr. I, 168-72). Giles testified that the substance was 0.61 grams of methamphetamine. (Tr. I, 167, 172).

**Grounds I and 3: Sufficiency of the Evidence**

Petitioner alleges the evidence presented was insufficient to sustain his convictions for Possession of Controlled Dangerous Substance (Count 1) or for Escape from Arrest or Detention (Count 2). "Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court repeatedly has emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as

long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.), *cert. denied*, 498 U.S. 904 (1990) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)).

To determine whether there was sufficient evidence presented at trial to sustain petitioner's conviction, the court first must look to Oklahoma law for the elements required for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152 (10th Cir.), *cert. denied*, 540 U.S. 1035 (2003). The applicable statute for Escape from Arrest or Detention provides in pertinent part:

> A. It is unlawful for any person, after lawfully arrested or detained by a peace officer, to escape or attempt to escape from such peace officer.
>
> B. Any person who escapes or attempts to escape after being lawfully arrested or detained for custody for a misdemeanor offense shall be guilty of a misdemeanor.
>
> C. Any person who escapes or attempts to escape after being lawfully arrested or detained for custody for a felony offense shall be guilty of a felony. . . .

Okla. Stat. tit. 21, § 444.

On direct appeal, the Oklahoma Court of Criminal Appeals denied relief on both of petitioner's sufficiency of the evidence claims. Regarding his conviction for Escape, the OCCA held as follows:

> We find . . . the State proved that Ellison escaped from a peace officer after being lawfully detained. 21 O.S.2001, § 444(A); *Tyler v. State*, 1989 OK CR 31, ¶ 3, 777 P.2d 1352, 1353; OUJI-CR (2d) 6-51. The statute provides that a person who escapes while being detained for a misdemeanor commits

5

> misdemeanor escape, while a person who escapes while being detained for a felony commits a felony. 21 O.S.2001, §444(B), (C). "Lawful custody for purposes of determining if an individual committed the offense of escape pertains only to the process by which a person is held or committed. 'If the process was valid then lawful custody existed.'" *A.L.G. v. State*, 1987 OK CR 69, ¶ 6, 736 P.2d 521, 523 (quoting *Phillips v. State*, 1980 OK CR 112, ¶ 3, 622 P.2d 719, 720). A person does not have the right to challenge a warrant by escaping from the officer attempting to detain the person on that warrant. *A.L.G.*, 1987 OK CR 69, ¶ 6, 736 P.2d at 523. Nowhere in the plain language of the statute is there any requirement that the State prove the underlying elements of the offense for which the escapee is being detained. As Ellison recognizes, this Court will not interpret a crime so as to enlarge or include elements not provided by the Legislature. *State v. Duc Hong Pham Tran*, 2007 OK CR 39, ¶ 8, 172 P.3d 199, 200.
>
> Ellison admits that he was lawfully arrested on two misdemeanor and two felony warrants, but he claims that the State showed only that his warrants were for failure to pay costs, and that is not a crime. Ellison relies on *Barnard v. State*, 2005 OK CR 13, 119 P.3d 203, which interpreted § 443(A), escape from a county jail. We found in *Barnard* that the very specific language of § 443(A) precludes its use where an escapee was merely detained for failing to pay court costs. *Barnard*, 2005 OK CR 13, ¶ 8, 119 P.3d at 205. Compared with § 443, the language of § 444, prohibiting escape from arrest or detention, is very broad. This court notes Ellison's complaint that one of the felony warrants could not have supported his conviction, but the other felony warrant was sufficient. Taking the evidence in the light most favorable to the State, any rational trier of fact could find beyond a reasonable doubt that Ellison committed the crime of escape. *Eastlick v. State*, 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559.

*Ellison v. State*, No. F-2010-380, slip op. at 2-3 (Okla. Crim. App. Mar. 23, 2011).

After careful review, and in light of the OCCA's interpretation of the applicable state law regarding Escape, the court finds the evidence was sufficient under the standard of *Jackson v. Virginia*. The court, therefore, finds the OCCA's determination did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). The court further finds that the OCCA's decision was not

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). This ground for relief is meritless.

Regarding petitioner's conviction for methamphetamine, petitioner is claiming his conviction is unconstitutional, because of a break in the chain of custody. The OCCA also denied relief on this challenge:

> We find . . . that sufficient evidence supports Ellison's conviction for [Possession of Controlled Dangerous Substance (Methamphetamine)]. *Easlick v. State*, 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559. A witness must authenticate evidence by testimony which shows that it is what the witness claims it to be. 12 O.S.2001, § 2901(A). Evidence may be authenticated by direct or circumstantial evidence. *Hooper v. State*, 1997 OK CR 64, ¶ 29, 947 P.2d 1090, 1102. "The purpose of the chain of custody rule is to guard against substitution of or tampering with the evidence between the time it is found and the time it is analyzed." *Brown v. State*, 1998 OK CR 77, ¶ 58, 989 P.2d 913, 929. Any weakness in the chain of custody goes to the weight to be given an exhibit, not its admissibility. *Id*. Four witnesses testified regarding the chain of custody of the methamphetamine which formed the basis for Count [1]. The State showed that the methamphetamine found in Ellison's wallet, when offered at trial, was in substantially the same condition as when the crime was committed. *Brown*, 1998 OK CR 77, ¶ 58, 989 P.2d at 929. Ellison offered only speculation that the evidence might have been tampered with, and this speculation is not supported by the record. The trial court did not abuse it discretion in admitting the evidence.

*Ellison*, No. F-2010-380, slip op. at 4.

Challenges to the chain of custody are evidentiary issues, and therefore a matter of state evidentiary law. Erroneous evidentiary rulings are not grounds for federal habeas relief, unless the rulings render the state proceedings so fundamentally unfair as to violate due process. *See Williamson v. Ward*, 110 F.3d 1508, 1522-23 (10th Cir. 1997).

> As a general matter, federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence, *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and federal courts may not interfere with state evidentiary rulings unless the rulings in question rendered "the trial so

fundamentally unfair as to constitute a denial of federal constitutional rights," *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989).

*Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir.), *cert. denied*, 534 U.S. 1068 (2001). Here, the court finds petitioner's trial was not fundamentally unfair, and there was no denial of his federal constitutional rights. Therefore, relief cannot be granted on this claim.

**Ground II: Lesser-Included Offense Instruction**

Petitioner alleges the trial court abused its discretion in refusing his requested instruction on misdemeanor Escape. The OCCA found no error:

> . . . A lesser included or related offense is one which shares elements such that a defendant could be convicted of the lesser offense if he were acquitted of the greater offense. *Cipriano v. State*, 2001 OK CR 25, ¶ 14, 32 P.3d 869, 873. Misdemeanor and felony escape are separate offenses. One may be charged with misdemeanor escape if one has been lawfully detained for a misdemeanor, and felony escape operates in the same way. Misdemeanor and felony escape can both be charged, if a person escapes after having been detained on both felony and misdemeanor offenses. However, one cannot be found guilty of misdemeanor escape if one has escaped while being detained for a felony; nor can one be found guilty of felony escape if one is detained for a misdemeanor. The State presented evidence of the misdemeanor warrants as part of the *res gestae* of the crime. However, no instruction on misdemeanor escape was appropriate, as Ellison was not charged with that crime.

*Ellison*, No. F-2010-380, slip op. at 3-4.

"[A] petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction, 'even if in our view there was sufficient evidence to warrant the giving of an instruction on a lesser included offense.'" *Lujan v. Tansy,* 2 F.3d 1031, 1036 (10th Cir. 1993) (quoting *Chavez v. Kerby,* 848 F.2d 1101, 1103 (10th Cir. 1988)), *cert. denied*, 510 U.S. 1120 (1994). Therefore, the OCCA's determination of this issue is not contrary to, or an unreasonable determination of, clearly established federal law.

8

This request for relief by petitioner must be denied.

**Ground IV: Prosecutorial Misconduct**

Finally, petitioner alleges the prosecutor wrongfully made references to his probation and his probation violations. He complains about the prosecutor's following statement during the first stage closing argument:

> Ladies and gentlemen, passing out State's Exhibit No. 1, I'd ask you to look at that. Those were warrants that Donald Ellison had issued for his arrest. Pay particular attention to what those warrants are for because this all stems with [sic] why would Donald Ellison run that day. Well, how about not only does he have four arrest warrants, two for felonies, he's got drugs in his pocket. Look at what some of these warrants are for.

(Tr. II, 24).

Petitioner also complains that during the second stage of the trial, the prosecutor read the second page of the Information to the jury, which made references to the facts that he had split sentences, and a suspended sentence had been revoked. (Tr. II, 34-36). Petitioner asserts the prosecutor's statements during his second stage closing argument improperly injected references to his inability to complete probation and the revocation of his probation:

> How many chances does a person get before society has had enough? This Defendant has had lesser sentences. He's had convictions dating back to the late '80s where he got time in, and some probation. Could not even complete the probation period of those particular cases without being revoked, and sent back to the penitentiary or jail. That tells you a lot about somebody. It tells you a lot about their behavior.

(Tr. II, 42-43).

The OCCA reviewed this claim on the merits and held as follows:

> We find . . . there was no reason for the second page Information to include the details of Ellison's sentences on his prior convictions, and they should not have been read to the jury as part of that Information. We further find that a prosecutor may argue that a defendant does not deserve a lenient

9

> sentence, or a second chance, based on his history. However, the prosecutor should not have referred to Ellison's inability to successfully complete probation, or his revoked probation, in discussing why he did not deserve any more chances. *Hunter v. State*, 2009 OK CR 17, ¶ 9, 208 P.3d 931, 933-34. Under the facts and circumstances of this case, this error does not require relief. Ellison stipulated to his prior convictions and did not object to the documents entered in support of those charges. The jury returned sentences considerably less lengthy than those requested by the prosecutor. Ellison has not shown he was prejudiced by the mention of probation and sentence revocation. 20 O.S.2001 § 3001.1.

*Ellison*, No. F-2010-380, slip op. at 5.

In a federal habeas corpus action, the court applies the harmless error standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), and determines "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* at 637 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). *See also Herrera v. LeMaster,* 301 F.3d 1192, 1200 (10th Cir. 2002) (en banc), *cert. denied*, 537 U.S. 1197 (2003). To warrant relief, petitioner must have suffered actual prejudice. *Crease v. McKune*, 189 F.3d 1188, 1192-93 (10th Cir. 1999) (quoting *Brecht*, 507 U.S. at 637). "The factors that we consider include the closeness of the case, the centrality of the issue affected by the error, and the steps taken to mitigate the effects of the error." *Fowler v. Ward*, 200 F.3d 1302, 1308 (10th Cir. 2000), *overruled on other grounds*, *Moore v. Marr*, 254 F.3d 1235, 1240 (2001).

Here, the court finds petitioner has failed to show that the prosecutor's comments had a substantial and injurious effect or influence in determining the jury's verdict. Because petitioner cannot demonstrate "actual prejudice" from the comments, habeas relief is not warranted.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all

respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 14th day of August 2014.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**